IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT and NICOLE ROCIO LEAL-MENDEZ,<br>Plaintiffs,<br><br>v.<br><br>BINDER & BINDER, ET AL.,<br>Defendants. | )<br>)<br>)<br>)<br>)   No. 3:14-CV-3844-D<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

### I. Factual background:

Plaintiffs Ronald Satish Emrit ("Emrit") and Nicole Rocio Leal-Mendez ("Leal-Mendez") filed this action against Defendants Binder & Binder Law Office, Charles Binder, Harry Binder and the Social Security Administration. Plaintiffs are residents of Nevada. They state that Charles and Harry Binder are residents of New York and that Binder & Binder Law Office is located in Dallas, Texas. Plaintiffs are proceeding *pro se*, and they have filed motions for leave to proceed *in forma pauperis*. Plaintiff Emrit seeks to be appointed guardian-ad-litem for Plaintiff Leal-Mendez, who is his ex-girlfriend.[1]

---

[1] On November 20, 2014, the undersigned Magistrate Judge issued an order that this case would proceed only in Plaintiff Leal-Mendez's name and that Leal-Mendez could file a motion pursuant to Fed. R. Civ. P. 17 for Emrit to be appointed her guardian-ad-litem. In an abundance of caution, however, the Court will address Emrit's motion to proceed *in forma pauperis*.

Plaintiffs state they sent documents to Binder & Binder regarding Leal-Mendez's physical ailments so that Binder & Binder could file a claim for disability benefits for Leal-Mendez with the Social Security Administration. Plaintiffs state they did not have any signed agreement with Binder & Binder for legal representation, but they "expected that the attorney client privilege would immediately attach because of the fact that Binder & Binder are supposed to be paid according to a contingent fee arrangement . . . ." (Compl. at ¶ 23.) They claim Binder & Binder failed to obtain disability benefits for Leal-Mendez, and that the Social Security Administration wrongfully denied Leal-Mendez disability benefits. Plaintiffs raise claims for negligence, intentional infliction of emotional distress, conversion, fraud, breach of contract, and violations of the Americans with Disabilities Act, Title VII, the Equal Protection Clause, due process, and the Privileges and Immunities Clause. Plaintiffs seek money damages.

## II. Discussion:

Plaintiffs seek to proceed *in forma pauperis*. The right to proceed *in forma pauperis* is a privilege that is subject to suspension or denial if abused. *Farguson v. Mbank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (stating a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."); *Newby v. Enron Group*, 302 F.3d 295, 302 (5th Cir. 2002) ("federal courts have the inherent power to impose sanctions against vexatious litigants").

Since 2013, "Emrit has filed sixty-four cases in federal district courts and thirty-nine appeals in federal circuit courts." *Emrit and Leal-Mendez v. Anthem Claim Management, Inc., et al.*, No. CV-14-02281-PHX-ROS (D. Ariz. Apr. 22, 2015). The Western District of Texas has

sanctioned Emrit and has found that Emrit "abuses the *in forma pauperis* process and clogs the federal district courts with meritless litigation." *See Emrit v. Nat'l Academy of Recording Arts and Sciences, et al.*, No. A-14-CA-392-SS (W.D. Tex. Feb. 4, 2015) (listing cases). The Western District of Texas and the Southern District of New York have barred Emrit from filing any further actions without leave of court. *Id.*; *Emrit v. Time Warner, Inc., et al.*, 1:14-CV-314-LAP (S.D.N.Y. 2014).

Additionally, Leal-Mendez has filed twenty-one cases in federal district and circuit courts. PACER; *Emrit and Leal-Mendez v. Anthem Claim Management, Inc., et al.*, No. CV-14-02281-PHX-ROS at 7 (D. Ariz. Apr. 22, 2015). Emrit is a co-plaintiff is most of those cases. So far thirteen of those cases have been dismissed. In *Anthem*, the district court has ordered Plaintiffs to show cause why they should not be sanctioned for "their ubiquitous and frivolous filings." *Id.* at 9. In *Emrit and Leal-Mendez v. Social Security Administration*, 2:14-CV-1760-GMN-PAL (D. Nev. 2014), Plaintiffs filed the same claims against the Social Security Administration that they allege in this Court. In that case, the court has issued an order to show cause why Plaintiffs should not be sanctioned for their frivolous filings.

The Court finds Plaintiffs have abused the privilege to proceed *in forma pauperis*. The Court therefore recommends that Plaintiffs' motions to proceed *in forma pauperis* be denied.

**RECOMMENDATION:**

The Court recommends that Plaintiffs' motions to proceed *in forma pauperis* be denied, and that Plaintiffs' complaint be dismissed without prejudice unless Plaintiffs pay the full filing fee within fourteen days of the date of this order.

Signed this 8 day of June, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

4

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).